This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38180**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**WILLIAM JOHNSTON,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cindy Leos, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from the district court's judgment in an on-record appeal, affirming the metropolitan court's judgment and sentencing order convicting Defendant of driving while under the influence of intoxicating liquor or drugs, first offense (DWI). [RP 47] This Court issued a calendar notice proposing to adopt the district court's memorandum opinion. Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** This Court referenced the detailed facts set forth in the district court's order and the facts as alleged in the docketing statement in our notice of proposed disposition, and relying on those facts, proposed to conclude that there was probable cause for Defendant's arrest. In response, Defendant maintains that "the totality of the circumstances did not support his arrest" as a result of "dissipation of reasonable suspicion due to his good performance on the alternate field sobriety tests." [MIO 1] Defendant, however, points to no error in fact or in law with this Court's notice of proposed disposition. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

**{3}** Defendant continues to assert the same arguments articulated in his docketing statement. Defendant has not presented any facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed reliance on the district court's memorandum opinion and our consequent proposed summary affirmance was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** Accordingly, for the reasons set forth in our notice of proposed disposition and herein, and for the reasons articulated in the memorandum opinion of the district court, we affirm Defendant's conviction.

**{5}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**